

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00022-CR

RODNEISHA ANDRENEE TRAYLOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 354th District Court
Hunt County, Texas[1]
Trial Court No. 34921CR, Honorable Keli Aiken, Presiding

July 9, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Appellant, Rodneisha Andrenee Traylor, pleaded guilty to the offense of Assault Causing Bodily Injury to a Family Member, with a Previous Conviction of Family Violence.[2] Pending before this Court is a motion to withdraw supported by a brief filed pursuant to

---

[1] This cause was originally filed in the Fifth Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. TEX. GOV'T CODE § 73.001. Where there is a conflict with the precedent of this Court, this appeal has been decided in accordance with the precedent of the Fifth Court of Appeals. TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251 (Tex. 2022).

[2] *See* TEX. PENAL CODE § 22.01(a), (b)(2)(A).

*Anders v. California.*[3]  We grant counsel's motion to withdraw and affirm the judgment of the trial court.

## BACKGROUND

On June 17, 2024, Appellant pleaded guilty to the charged offense.  The trial court deferred a finding of guilt and placed her on deferred adjudication community supervision for a period of seven years with several conditions.  On October 15, 2024, Hunt County Adult Probation Services filed a *Felony Violation Court Notification* with the 354th District Court, which reported alleged violations of Appellant.  Appellant was then ordered to Substance Abuse Felony Punishment (SAFP) and was admitted to a facility on December 11, 2024.  On June 16, 2025, the State filed a *Motion to Revoke Deferred Adjudication Community Supervisions and Request for Final Adjudication*.  By a single issue, the State alleged Appellant failed to cooperate fully with all treatment program requirements and obey all rules and regulations of the SAFP facility, indicating Appellant was unsuccessfully discharged from the SAFP facility for repeated negative behavior.  On November 5, 2025, the trial court heard the motion for revocation.  Appellant pleaded "true" to the single allegation.  After presentation of the evidence for the sentencing phase and considering the Appellant's plea of true to the State's allegation, the trial court revoked community supervision, adjudicated Appellant guilty, and sentenced her to ten years' imprisonment. Appellant timely brought this appeal.

In support of his motion to withdraw, counsel has certified that he has conducted a conscientious examination of the record and that, in his opinion, the record reflects no

---

[3] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

reversible error upon which an appeal can be predicated. *Id*. at 744–45; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error and no arguable grounds for relief. Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing copies of the brief and the appellate record to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408; *see also Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief).

By letter on May 1, 2026, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's motion and a pro se brief by June 1, 2026, should he be so inclined. To date, Appellant has done neither nor otherwise contacted the Court. The State did not favor us with a brief.

## ANALYSIS

By his *Anders* brief, counsel evaluated all phases of the proceedings, specifically addressing the sufficiency of the evidence, assistance of counsel, Appellant's competency, Appellant's punishment, and other aspects of the case. He candidly conceded no errors occurred which would require reversal of Appellant's conviction. Thus, he concluded there are no non-frivolous issues to present on appeal, and the appeal is without merit and frivolous.

3

We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). So, after thoroughly reviewing the record and counsel's brief, we (1) agree that there is no plausible basis for reversal of Appellant's conviction, (2) affirm the trial court's judgment, and (3) grant counsel's motion to withdraw.[4]

## CONCLUSION

The trial court's judgment is affirmed, and counsel's motion to withdraw is granted.

Laura A. W. Pratt
Justice

Do not publish.

---

[4] Within five days after the date of this opinion, appellate counsel shall (1) send Appellant a copy of the opinion and judgment and (2) inform Appellant of her right to file a pro se petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 48.4. This duty is informational and ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.